**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Daniel Henriquez, <br><br>                    Plaintiff, <br><br> v. <br><br> Hillcrest, Davidson, and Associates LLC; and DOES 1-10, inclusive, <br><br>                    Defendants. | Civil Action No.: 1:13-cv-10774 <br><br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Daniel Henriquez, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Daniel Henriquez ("Plaintiff"), is an adult individual residing in Lawrence, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Hillcrest, Davidson, and Associates LLC ("HDA"), is a Texas business entity with an address of 850 North Dorothy Drive, Suite 512, Richardson, Texas 75081-2794,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by HDA and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. HDA at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,600.00 (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to HDA for collection, or HDA was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. HDA Engages in Harassment and Abusive Tactics

12. In February 2013, Defendants began placing calls contacted Plaintiff at his cellular telephone in an attempt to collect the Debt.

13. Plaintiff set up a payment plan with Defendants agreeing to make a one-time payment of $250.00.

14. According to the agreement, Defendants were to debit Plaintiff's bank account on February 28, 2013.

15. Defendants failed to debit Plaintiff's bank account timely and instead attempted to withdraw funds during the week of March 11. Plaintiff did not have funds available at that time and the withdrawal was denied.

16. Thereafter, Defendants contacted Plaintiff to inform about the foregoing and to demand that Plaintiff set up another payment.

17. Plaintiff informed Defendants that he could not speak at the moment due to being at work and stated that he would contact Defendants at a later date.

18. During the same week Defendants contacted Plaintiff on 5 occasions in violation of 940 CMR § 7.04 (1) (f).

19. Additionally, despite having spoken with Plaintiff, Defendants called Plaintiff's spouse on several occasions and disclosed that Plaintiff owed the Debt.

20. During one of the calls Defendants' representative Delaney Jones failed to inform Plaintiff that the communication was an attempt to collect a debt.

21. Plaintiff informed Ms. Jones that he would provide Defendants with a personal check the following day.

22. Ms. Jones refused to accept the check and insisted that Plaintiff make a payment immediately using a pre-paid debit account.

23. When Plaintiff explained that he was at work and did not have time to purchase same, Ms. Jones rudely stated: "Your wife is unemployed. Why doesn't she go do it?"

24. Ms. Jones threatened to mark Plaintiff's account as "refused to pay" and to mark Plaintiff's credit report accordingly when Plaintiff said he did not wish to pay using a pre-paid debit account.

25. Moreover, when Plaintiff informed Ms. Jones that she failed to inform Plaintiff of his rights provided by FDCPA, Ms. Jones stated that she did not "have to tell you [Plaintiff] anything."

26. Appalled at Ms. Jones' rude demeanor, Plaintiff requested to speak to a supervisor. In response, Ms. Jones retorted: "Whatever" and hung up the telephone.

C. **Plaintiff Suffered Actual Damages**

27. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

28. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

31. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

35. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

36. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

40. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

41. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with multiple calls.

42. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

43. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

44. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 4, 2013

        Respectfully submitted,

        By  */s/ Sergei Lemberg*

        Sergei Lemberg (BBO# 650671)
        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Attorneys for Plaintiff